United States v. Hoisington

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of September, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             RICHARD J. SULLIVAN,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                          *Appellee*,

              v.                                              18-1798-cr

HOWARD HOISINGTON, AKA BAD GUY,

                  *Defendant-Appellant*.[1]

_____

Appearing for Appellant:      Barclay T. Johnson, Assistant Federal Public Defender, *for*
                              Michael L. Desautels, Federal Public Defender for the District of
                              Vermont, Burlington, VT.

Appearing for Appellee:       John J. Boscia, Gregory L. Waples, Assistant United States
                              Attorneys, *for* Christina E. Nolan, United States Attorney for the
                              District of Vermont, Burlington, VT.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the District of Vermont (Reiss, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Howard Hoisington appeals from the June 1, 2018 judgment of the United States District Court for the District of Vermont (Reiss, *J.*), sentencing him primarily to 288 months of imprisonment following his conviction, after a plea of guilty, to one count of conspiracy to commit Hobbs Act robbery, 18 U.S.C. §§ 2 and 1951(a), and one count of arson resulting in death, *id.* §§ 2 and 844(i). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Hoisington challenges the procedural and substantive reasonableness of his sentence. "We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). "This standard incorporates *de novo* review of questions of law, including our interpretation of the Guidelines, and clear error review of questions of fact." *Id.*

Hoisington first challenges the procedural reasonableness of his sentence. When we review a sentence for procedural reasonableness, we ask "whether the district court complied with the procedural requirements of the Sentencing Reform Act." *United States v. Preacely*, 628 F.3d 72, 79 (2d Cir. 2010). Thus, a district court commits procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Regarding the district court's weighing of the section 3553(a) sentencing factors, "we consider whether the factor[s], as explained by the district court, can bear the weight assigned [them] under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc).

Hoisington argues that the district court did not sufficiently account for his minimal role in the offense conduct and failed to consider his culpability relative to that of his co-defendants. The district court explicitly rejected this contention below, reasoning that "he came up with the ruse of having the knife to his mother's throat in one of the robberies." App'x at 185. Moreover, even though Hoisington did not personally douse anyone with gasoline, the entire idea of dousing people in gasoline—the course of conduct that ended in predictable and horrifying tragedy—was Hoisington's. Hoisington also recruited two others to participate in the robberies. More generally, Hoisington was involved in planning all four robberies, suggested at least one of them, and actively participated in all of them. In short, Hoisington's role was not "minimal" or "limited." Appellant's Br. at 47, 52. It was significant.

Hoisington further argues that the district court did not give adequate consideration to Hoisington's traumatic childhood. Contrary to Hoisington's assertion, the district court made clear that it took Hoisington's childhood into account when it considered his "history and characteristics," *see* 18 U.S.C. § 3553(a)(1). Indeed, the sentencing judge stated that, among the accounts of "human misery" and "disturbing childhoods" she had heard as a judge, Hoisington's

childhood was "right up at the top of the worst things that you can do to a child." App'x at 186. The district court repeated this conclusion during the sentencings of several of Hoisington's co-defendants, making clear at one of those sentencings that Hoisington's childhood "did factor . . . into the sentencing." Supp. App'x at 35.

Hoisington also challenges the substantive reasonableness of his sentence. When we review a sentence for substantive reasonableness, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Preacely*, 628 F.3d at 79 (internal quotation marks and citation omitted). We do "not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Cavera*, 550 F.3d at 189. "We will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *id.* (emphasis omitted) (internal quotation marks and citation omitted), that is, where a sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Hoisington primarily argues that the district court erred by giving him a sentence above that of his co-defendants. His argument is without merit. The district court properly considered the individual circumstances of Hoisington and his co-defendants when imposing their respective sentences. As the government accurately summarizes in its brief, Hoisington and his co-defendants "had varying levels of criminality, culpability, and cooperation" and had varying criminal records, which resulted in differing criminal history categories. Appellee's Br. at 40-41. The only defendant with the same criminal history category and offense level as Hoisington was Jonathan Zampieri. However, Zampeiri cooperated with the government, showed remorse for his involvement in the robberies, and had a better post-arrest disciplinary record than Hoisington did. The district court did not err by taking these differences into account. *See Pepper v. United States*, 562 U.S. 476, 492 (2011) (discussing the relevance of post-arrest rehabilitative conduct during sentencing proceedings).

Finally, we note that the sentence the district court imposed was six years below the low end of the applicable guidelines range. On the record before us, we cannot say that that sentence was "shockingly high . . . or otherwise unsupportable as a matter of law." *See Rigas*, 583 F.3d at 123; *see also United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) ("While we do not presume that a Guidelines sentence is necessarily substantively reasonable, that conclusion is warranted in the overwhelming majority of cases, and thus especially when, as here, a defendant challenges a *below*-Guidelines sentence." (internal quotation marks and citation omitted)).

We have considered the remainder of Hoisington's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3